FILED

JUL 2 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANDRE DAVID LEFFEBRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. *08 1286* |
| | ) | |
| HARLEY G. LAPPIN, Director, Bureau of Prisons, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

The plaintiff, a prisoner in federal custody, has filed a *pro se* complaint and an application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis*, but will dismiss the complaint under 28 U.S.C. § 1915A (b)(1)(requiring dismissal if the complaint fails to state a claim upon which relief may be granted).

Plaintiff was transferred to a maximum security facility in March 2008, and complains of that transfer and his relative lack of privileges there. He seeks more phone time, access to a typewriter, and an immediate transfer to medium security while this case is pending. (Compl. at 3-4.) He also requests safety measures related to using the typewriter, but does not identify the danger or risk those unspecified measures would resolve. (*Id.* at 5.) He also complains of restrictions on photocopying his documents (*id.* at 10), but does not assert that the copies he wanted were not made. He states that he was not present when prison staff unpacked his belongings, and that the staff stole or confiscated some of the items (*id.* at 12), but he does not identify those staff, they are not named as defendants, and this complaint does not purport to state

3

a claim for common law theft. He alleges that he has filed numerous internal grievances since March, which have not been properly investigated. (*Id.* at 7.) The plaintiff has captioned the complaint as one for a violation of civil rights and mentions "due process, equality and discrimination." (*Id.* at 1, 7.) In addition to the relief already noted, plaintiff seeks "release from the bureau of prisons," a million dollars, an investigation, an interview. (*Id.* at 3.)

Prisoners have no constitutional liberty interest in a particular place of confinement or the conditions of which plaintiff complains in this action. *Meachum v. Fano,* 427 U.S. 215, 225 (1976) ("That life in one prison is much more disagreeable than in another does not in itself signify that a [Due Process] liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules."); *Franklin v. Dist. of Columbia,* 163 F.3d 625, 631 (D.C. Cir. 1998) (stating that a liberty interest does not exist unless an "atypical and significant hardship" is imposed as compared with the "ordinary incidents of prison life.") (internal quotation marks and citation omitted). The allegation of discrimination is not accompanied by the identification of any suspect classification or other facts alleged in support. Plaintiff has not identified any individuals who might be responsible for theft of his property. In short, the plaintiff has not stated a claim upon which relief may be granted. Therefore, his complaint will be dismissed without prejudice.

A separate order accompanies this memorandum opinion.

Date: 7/22/08

United States District Judge

2